762 N.W.2d 608 (2009)
277 Neb. 436
STATE of Nebraska EX REL. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
Julianne Dunn HERZOG, respondent.
No. S-08-012.
Supreme Court of Nebraska.
March 27, 2009.
*610 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
Julianne Dunn Herzog, pro se.
David A. Domina and Eileen Reilly Buzzello, of Domina Law Group, P.C., L.L.O., on brief, for respondent.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
PER CURIAM.

INTRODUCTION
The office of the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent, Julianne Dunn Herzog (Herzog). After a formal hearing, the referee concluded that Herzog had violated the Nebraska Rules of Professional Conduct and recommended a public reprimand and probation for 1 year. We conclude there was clear and convincing evidence that Herzog violated the rules of professional conduct and, accordingly, suspend her from the practice of law for 3 months, followed by probation for a period of 1 year.

FACTUAL BACKGROUND
Herzog was licensed to practice law on July 2, 1976. In July 1996, Herzog married David Herzog. Since shortly after their marriage, Herzog and David have practiced law together as Herzog & Herzog, P.C. Herzog is an employee of that corporation; David is its sole shareholder.
This disciplinary action against Herzog involves a family dispute among the children of Dale and Rosemary Dunn regarding guardianship-conservatorship proceedings filed with respect to Rosemary. Primarily, the dispute was between Herzog, a Nebraska attorney practicing in the Omaha, Nebraska, area, on one side, and Herzog's siblings on the other side. A brief review of the facts of the underlying dispute reveals that Herzog's siblings were concerned about Rosemary's ability to care for herself and were interested in appointing a guardian for her. Herzog was initially opposed to this plan; she eventually agreed to the need for a guardian and conservator for Rosemary but disagreed with her siblings about virtually everything related to the guardianship-conservatorship.
A brief recitation of the relevant proceedings is helpful. On December 29, 2004, Herzog's sister, Mary Elizabeth Dunn, filed a petition for the appointment of a guardian and conservator for Rosemary. The next day, Mary Elizabeth was appointed Rosemary's temporary guardian and conservator. On January 7, 2005, over the objections of her siblings, Herzog entered an appearance on Rosemary's behalf. On January 14, Herzog's brother, D. Eugene Dunn, was appointed Rosemary's temporary guardian. Fremont National Bank & Trust Company was appointed *611 Rosemary's conservator. Then on February 23, a guardian ad litem was appointed to represent Rosemary's interests. On November 21, another of Herzog's brothers, Daniel Dunn, was appointed Rosemary's guardian. Daniel served in that capacity at the time of the disciplinary hearing in this case. Fremont National Bank & Trust Company also continued to act as Rosemary's conservator at the time of the hearing.
On December 19, 2005, Herzog filed a notice of appeal, purportedly on Rosemary's behalf. That notice of appeal was from the order appointing Daniel as guardian. On this same date, Herzog and her husband David, who had since entered an appearance on Rosemary's behalf, filed a motion with the county court asking for leave to withdraw. This motion was granted on December 27.
Despite the granting of the motion to withdraw, on March 10, 2006, Herzog filed a "Notice of Appearance" in the county court. In that notice, Herzog indicated that she continued to represent Rosemary's interests. On April 21, Herzog filed various motions with the county court asking that the guardian ad litem, conservator, and guardian all be removed for various acts of misfeasance and malfeasance. A pretrial conference was held on April 21. At the conference, the county court struck all Herzog's motions for the reason that Herzog had withdrawn and no longer represented Rosemary's interests. Herzog was granted leave to file the motions in her individual capacity. Herzog later filed, in her own behalf, a motion to adopt the prior motions; the motions asking for the removal of the guardian ad litem, conservator, and guardian were subsequently denied.
On May 1, 2006, a complaint was filed against Herzog before the Committee on Inquiry of the Second Disciplinary District. That complaint was related to Herzog's action in the guardianship proceedings. Herzog stipulated to a private reprimand, which was issued on November 21.
On July 28, 2006, Herzog filed with the county court a notice of appeal, both in her own behalf and on Rosemary's behalf. Herzog purported to appeal from all "final orders" of the county court which occurred during the time she represented Rosemary  January 7 to December 28, 2005. This appeal was eventually dismissed for lack of jurisdiction. After that dismissal, David filed, at Herzog's direction, a petition for further review of the dismissal.
Herzog filed another notice of appeal on February 12, 2007, again both in her own behalf and on Rosemary's behalf. This notice appealed all rulings made between December 2004 and January 10, 2007, and again noted that Herzog was Rosemary's counsel from January to December 2005.
The Counsel for Discipline filed formal charges against Herzog on January 2, 2008, for actions relating to Rosemary's guardianship proceedings. The Counsel for Discipline alleged that Herzog's actions in the following particulars were misconduct in violation of the Nebraska Rules of Professional Conduct:
 Herzog's July 28, 2006, notice of appeal alleging that notice was filed by Rosemary through Herzog as counsel, because at the time Herzog filed the notice, she was not authorized to do so by Rosemary or by Rosemary's guardian;
 Herzog's February 22, 2007, petition for further review filed with this court from the Court of Appeals' dismissal of the July 28, 2006, appeal for lack of jurisdiction;
 Herzog's February 12, 2007, notice of appeal alleging that notice was filed by Rosemary "by and through [Herzog] her *612 counsel from January, 2005, to December, 2005," because at the time Herzog filed the notice, she was not authorized to do so by Rosemary or by Rosemary's guardian.
The Counsel for Discipline alleges that the above filings were in violation of Neb. Rev.Stat. § 7-104 (Reissue 2007) (oath of office as attorney) and of Neb. Ct. R. of Prof. Cond. § 3-503.1 (meritorious claims and contentions); § 3-503.2 (expediting litigation); § 3-503.3(a)(1) (candor toward a tribunal); and § 3-508.4(a) (violation of disciplinary rule), § 3-508.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and § 3-508.4(d) (conduct prejudicial to administration of justice).
A disciplinary hearing was held. The referee filed his report following that hearing. In the report, the referee found that Herzog had violated §§ 3-503.2 and 3-508.4(a) and (d). The referee specifically found that Herzog's conduct did not violate §§ 3-503.1, 3-503.3(a)(1), or 3-508.4(c). The referee made no finding as to whether Herzog violated § 7-104. The referee recommended that Herzog be publicly reprimanded and that her license be placed on a probationary status for 1 year. Herzog filed exceptions to the referee's report, and the Counsel for Discipline filed cross-exceptions.

ASSIGNMENTS OF ERROR
On appeal, Herzog argues that the referee erred by (1) considering evidence of events prior to May 2006 to evaluate Herzog's guilt with respect to the formal charges, (2) considering in this disciplinary action Herzog's previous private reprimand for different conduct in the same guardianship proceeding, (3) finding that Herzog endeavored to "control" Rosemary's person and property and used legal processes to accomplish this goal, and (4) finding that Herzog violated §§ 3-503.2 and 3-508.4(a) and (c).
The Counsel for Discipline argues that the referee erred by not finding that Herzog violated §§ 3-503.1, 3-503.3(a)(1), and 3-508.4(c) and in imposing a sanction of a public reprimand with probation.

STANDARD OF REVIEW
A proceeding to discipline an attorney is a trial de novo on the record, in which the Nebraska Supreme Court reaches a conclusion independent of the findings of the referee; provided, however, that where the credible evidence is in conflict on a material issue of fact, the court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another.[1]
Disciplinary charges against an attorney must be established by clear and convincing evidence.[2]

ANALYSIS
As an initial matter, though Herzog argues that the referee erred in various respects, three of those contentions are without merit, given this court's standard of review. Because we review disciplinary proceedings de novo on the record, whatever the referee might have improperly considered is immaterial to our review.
We are therefore generally presented with two issues on appeal: (1) what provisions of the Nebraska Rules of Professional Conduct, if any, were violated and (2) the appropriate sanction for such violations.

*613 HERZOG'S EXCEPTIONS: § 3-503.2
We first address Herzog's argument that the referee erred in finding that she violated § 3-503.2. Section 3-503.2 deals with expediting litigation and provides:
In the lawyer's representation of a client, a lawyer shall not file a suit, assert a position, conduct a defense, delay litigation or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.
With regard to § 3-503.2, the referee concluded that "filing an appeal on behalf of someone no longer legally one's client in and of itself violates [the rule]."
We agree with the referee that there is clear and convincing evidence that Herzog's actions violated § 3-503.2. At the time Herzog filed the two notices of appeal on July 28, 2006, and February 12, 2007, and directed David to file the petition for further review on February 22, Herzog had already been granted leave to withdraw as counsel for Rosemary. To the extent there is a question about whether Herzog represented Rosemary pending the filing of any notice that she, Herzog, actually had withdrawn as counsel, we note that by April 21, 2006, when she filed several motions before the county court, Herzog was aware that the county court no longer considered her counsel for Rosemary. And a review of the notices of appeal themselves further demonstrates that Herzog was aware that she was no longer representing Rosemary, as these notices contain language limiting them to time periods in which she had been Rosemary's counsel of record.
It is clear from a review of the record that by the time Herzog filed the first notice of appeal on July 28, 2006, she was aware that she no longer represented Rosemary. We therefore agree with the referee that Herzog was purporting to act as counsel for someone who was not her client and that such was a violation of § 3-503.2.

HERZOG'S EXCEPTIONS: § 3-508.4(a) AND (d)
We next turn our attention to Herzog's contention that her conduct was not a violation of § 3-508.4(a) and (d). Section 3-508.4 provides in relevant part: "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct[,] knowingly assist or induce another to do so or do so through the acts of another [and] (d) engage in conduct that is prejudicial to the administration of justice."
Again, we agree with the referee that Herzog violated § 3-508.4(a) by virtue of her violation of § 3-503.2. And we further concur with the referee that there is clear and convincing evidence that Herzog's conduct was in violation of § 3-508.4(d). Herzog was aware that she no longer represented Rosemary, yet she filed at least two notices of appeal with the county court and a petition for further review with this court on Rosemary's behalf. The first notice was filed a full 3 months after the county court specifically informed Herzog that she no longer had the ability to file motions on Rosemary's behalf. Such conduct was prejudicial to the administration of justice.
We conclude that Herzog's arguments that she did not violate §§ 3-503.2 and 3-508.4(a) and (d) are without merit.

COUNSEL FOR DISCIPLINE'S CROSS-EXCEPTIONS
The Counsel for Discipline filed its own exceptions to the referee's report. The Counsel for Discipline contends that the referee erred by not concluding Herzog had violated §§ 3-503.1, 3-503.3(a)(1), and 3-508.4(c).
*614 Section 3-503.1 provides in part that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." And § 3-503.3(a) provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Finally, § 3-508.4 provides that "[i]t is professional misconduct for a lawyer to ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."
We agree with the referee that there was not clear and convincing evidence to show violations of §§ 3-503.1, 3-503.3, and 3-508.4(c). Central to this determination are Herzog's attempts, in the two notices of appeal, to limit the scope of those notices to periods in which she was Rosemary's counsel of record. The setting forth of such limitations shows an intent on Herzog's part to be candid about her representation of Rosemary, and thus was made in good faith and was not frivolous, was not knowingly false, and was not otherwise conduct that involved "dishonesty, fraud, deceit or misrepresentation."
While we do not believe Herzog was engaging in knowingly false or fraudulent conduct, we do want to make clear that by filing the notices of appeal and petition for further review, Herzog was, in fact, acting as Rosemary's counsel. The inclusion of limiting language in these notices of appeal does not serve to negate the fact that by filing those notices, Herzog purported to act as Rosemary's attorney.

APPROPRIATE DISCIPLINE
Finally, we turn to the question of the appropriate discipline. Neb. Ct. R. § 3-304 states that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court[.]
. . . .
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances.[3] This court will consider the attorney's acts both underlying the alleged misconduct and throughout the proceeding.[4] The determination of an appropriate penalty to be imposed also requires the consideration of any aggravating or mitigating factors.[5]
The referee recommended that Herzog be publicly reprimanded and that her law license be placed on a probationary status for 1 year. The Counsel for Discipline has filed exceptions to this recommendation and instead suggests a 1-year suspension from the practice of law.
The facts in this case show that Herzog filed two notices of appeal and a petition for further review on behalf of someone who was not her client. And these filings were made despite the fact that Herzog had filed and been granted leave to withdraw in December 2005 and, moreover, *615 had known for at least 3 months prior to the first filing on July 28, 2006, that as far as the county court was concerned, she had withdrawn as Rosemary's counsel.
We note that, as was found by the referee, Herzog had many letters of support, as well as character testimony from colleagues who attested to her good reputation. However, many of those same colleagues also noted that Herzog was "aggressive," "tenacious," and not a "shrinking violet." We agree with the finding of the referee that
[a]lthough these traits can serve a lawyer well in the zealous representation of a client's cause, they can become a sword when turned on family members who don't accede to one's wishes. It is then that the law and its remedies become a means to an end when utilized by the lawyer who decides to serve his or her own wishes, rather than those of the client relative.
But what we are most concerned with is the fact that these formal charges represent Herzog's second disciplinary action regarding these guardianship proceedings. Even after her previous private reprimand, Herzog continued to engage in unethical behavior in the guardianship proceedings.
Based upon these considerations, this court concludes that a public reprimand and 1 year's probation is too lenient. We instead find that Herzog should be and hereby is suspended from the practice of law for a period of 3 months. Such suspension shall be followed by probation for a period of 1 year.

CONCLUSION
We find by clear and convincing evidence that Herzog violated §§ 3-503.2 and 3-508.4(a) and (d). In addition, we find there is insufficient evidence that Herzog violated §§ 3-503.1, 3-503.3(a)(1), and 3-508.4(c). It is the judgment of this court that Herzog be suspended from the practice of law for a period of 3 months, effective immediately. Following that suspension, Herzog shall be placed on probation for a period of 1 year.
Herzog shall comply with Neb. Ct. R. § 3-316 and, upon failure to do so, shall be subject to a punishment for contempt of this court. At the end of the 3-month suspension period, Herzog may apply to be reinstated to the practice of law, provided that she has demonstrated her compliance with § 3-316 and further provided that the Counsel for Discipline has not notified this court that Herzog has violated any disciplinary rule during her suspension. We also direct Herzog to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF SUSPENSION.
MILLER-LERMAN, J., not participating.
NOTES
[1] State ex rel. Counsel for Dis. v. Rokahr, 267 Neb. 436, 675 N.W.2d 117 (2004).
[2] See id.
[3] State ex rel. Counsel for Dis. v. Orr, 277 Neb. 102, 759 N.W.2d 702 (2009).
[4] Id.
[5] Id.